01

02

03                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
04                              AT SEATTLE

05  DAVID M. NJENGA,                 )    CASE NO.: C07-1498-TSZ
                                     )
06             Petitioner,           )
                                     )
07      v.                           )    REPORT AND RECOMMENDATION
                                     )
08  A. NEIL CLARK,                   )
                                     )
09             Respondent.           )
    _____ )

10

11            I.  INTRODUCTION AND SUMMARY CONCLUSION

12          Petitioner David Mungai Njenga, proceeding pro se, has filed a "Petition for Bail Hearing

13  Pursuant to Kim v. Zigler."  (Dkt. #4).  This is the second habeas petition that petitioner has filed

14  challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement

15  ("ICE").  Chief Judge Robert S. Lasnik entered an order dismissing petitioner's first habeas

16  petition on September 7, 2007. *See Njenga v. U.S. Immigration and Customs Enforcement*, Case

17  No. 07-134L (W.D. Wash. Sept. 7, 2007).  Respondent has filed a Return Memorandum and

18  Motion to Dismiss, arguing that petitioner is properly detained under the Attorney General's

19  discretion under Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231,

20  because he is subject to an administratively final order of removal.  (Dkt. #13).

21          Having carefully reviewed the entire record, I recommend that petitioner's habeas petition

22  (Dkt. #4) BE DENIED and respondent's motion to dismiss (Dkt. #13) be GRANTED.

REPORT AND RECOMMENDATION
PAGE -1

01          II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

02          Petitioner is a native and citizen of Kenya who entered the United States without

03  inspection on or about March 1, 1979.  (Dkt. #14 at L1-355, L1-142).  On June 23, 1993,

04  petitioner pled guilty in the United States District Court for the Northern District of California to

05  Misuse of a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B), and Possession of

06  False Identification Documents, in violation of 18 U.S.C. § 1028, and was sentenced to six months

07  in a California federal corrections facility, ordered to pay restitution, and placed on probation for

08  three years.  (Dkt. #14 at PII-R74, PI-R234).

09          On March 28, 1994, the former Immigration and Naturalization Service[1] ("INS") arrested

10  petitioner and served him with an Order to Show Cause and Notice of Hearing, charging him with

11  removability under INA § 241(a)(2)(A)(ii) for having committed crimes involving moral turpitude,

12  and under INA § 241(a)(1)(B) for having entered the United States without inspection.  (Dkt. #14

13  at P1-L163-71).  INS officials reviewed petitioner's custody status and set bond in the amount of

14  $20,000.  (Dkt. #14 at PI-L194).  Petitioner requested and was granted a bond redetermination

15  hearing before an Immigration Judge ("IJ").  (Dkt. #14 at PI-L173).  At the bond hearing on

16  March 31, 1994, the IJ ordered that bond remain unchanged at $20,000.  (Dkt. #14 at PI-L193-

17  94).  Petitioner appealed the IJ's bond decision to the Board of Immigration Appeals ("BIA"),

18  who  affirmed the IJ's decision on May 18, 1994, holding, in part, as follows:

19          In this case, the [petitioner] was correctly found to be a poor bail risk.  The

20  _____

21      [1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished
    pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6
22  U.S.C. § § 101, *et seq.* , and its immigration functions were transferred to the Department of
    Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE -2

01    immigration judge noted that the [petitioner] was convicted of misuse of a Social
      Security number and of using a false social security number.  His scheme of criminal
02    conduct netted him almost $10,000, and he served 6 months in prison for his offenses.
      The [petitioner] is now subject to an Order to Show Cause, charging him with
03    deportability.  He is, therefore, on actual notice that the Service is challenging his
      right to remain in the United States.  Thus, the respondent may have motivation not
04    to appear at his future deportation proceedings, and a $20,000 bond is warranted
      under the circumstances of this case.

05

06    *Id.*

07    On October 16 and 23, 1995, petitioner appeared for his deportation hearing and testified

08    before the Immigration Judge ("IJ").  (Dkt. #14 at PII at R717).  Before the issuance of any

09    decision, however, it was discovered that the tape machine had malfunctioned and no audible

10    record of the testimony existed.  Accordingly, the IJ ordered that petitioner's removal hearing be

11    reheard on January 26, 1998, and petitioner was released on $5,000 bond.  *Id.*

12    On October 23, 1997, however, petitioner was taken back into INS custody and held

13    without bond after INS officials discovered him in custody in Washington State.  (Dkt. #14 at PII-

14    R717).  Petitioner requested and was granted a bond redetermination hearing.  Following a bond

15    hearing on November 20, 1997, the IJ concluded that a bond of $50,000 was necessary to insure

16    petitioner's appearance.  Petitioner appealed the IJ's bond order to the BIA.  (Dkt. #14 at PII-

17    R716).  Petitioner was released on December 31, 1997, after posting the $50,000 bond.  (Dkt. #14

18    at PI-R234).  The INS later discovered that petitioner had posted bond using a bad check,

19    rendering the posting of bond inadequate.  *Id.*

20    On March 2, 1998, petitioner failed to appear for his removal hearing and the IJ ordered

21    him removed *in absentia*.  (Dkt. #14 at PII-R716-17).  Petitioner did not file an appeal of the IJ's

22    *in absentia* removal order.  On May 18, 1998, the BIA dismissed petitioner's bond appeal, noting

REPORT AND RECOMMENDATION
PAGE -3

01 that the time-period for filing an appeal of petitioner's deportation order had lapsed, rendering the

02 deportation order administratively final and divesting the BIA of jurisdiction to review the IJ's

03 bond determination. (Dkt. #14 at PII-L82-83).

04      On April 21, 2001, the INS encountered petitioner at a Washington State federal detention

05 center where he was serving a 16 month prison sentence for the crimes of Conspiracy to Present

06 False Claims, in violation of 18 U.S.C. § 371, and False Claims to the Internal Revenue Service,

07 in violation of 18 U.S.C. § 287. (Dkt. #14 at PII-R80-103, R55). On August 5, 2002, petitioner

08 was transferred directly to INS custody after serving his criminal sentence. (Dkt. #14 at PII at

09 R528).

10      On September 5, 2002, petitioner filed a motion to reopen his immigration proceedings.

11 (Dkt. #14 at PII-R716). The IJ denied petitioner's motion to reopen on December 12, 2002,

12 based on lack of credible evidence and timeliness. *Id.* Petitioner appealed the IJ's decision to the

13 BIA. *Id.*

14      Following the IJ's decision, ICE began efforts to obtain a travel document for petitioner's

15 removal to Kenya. On February 10, 2003, the Consulate General of Kenya issued a travel

16 document for petitioner. (Dkt. #14 at PII-R528). There is no expiration date on petitioner's

17 Kenyan travel document. (Dkt. #14 at PI-L374).

18      On April 4, 2003, while his appeal with the BIA was still pending, petitioner filed his first

19 Petition for Review with the Ninth Circuit Court of Appeals. *See Njenga v. Gonzales*, No. 03-

20 71457 (9th Cir. 2003). The Ninth Circuit dismissed the Petition for Review on September 11,

21 2003, because no final order had been issued by the BIA, and the mandate issued on October 3,

22 2003. *Id.*

REPORT AND RECOMMENDATION
PAGE -4

01    On October 21, 2003, petitioner filed an "Anticipatory Petition for Review" with the Ninth

02 Circuit to contest the BIA's potential dismissal.  *See Njenga v. Gonzales*, No. 03-73813 (9th Cir.

03 filed Oct. 21, 2003).   On November 5, 2003, the BIA dismissed petitioner's appeal as untimely.

04 (Dkt. #14 at PII-R790).    On November 26, 2003, the Ninth Circuit dismissed petitioner's

05 "Anticipatory Petition for Review" for lack of jurisdiction, noting that the BIA issued a decision

06 on November 5, 2003, and that the Petition for Review had been prematurely filed on October 21,

07 2003. (Dkt #14 at PII-R869).  On December 5, 2003, petitioner filed his third Petition for Review

08 of the BIA's decision with the Ninth Circuit.  *See Njenga v. Gonzales*, No. 03-74452 (9th Cir.

09 filed Dec. 5, 2003).

10    On April 29, 2004, ICE reviewed petitioner's custody status, and petitioner was released

11 under an Order of Supervision on May 27, 2004, after posting bond in the amount of $10,000.

12 (Dkt. #14 at PII-R528, R649, R652).

13    On September 26, 2005, the Ninth Circuit dismissed petitioner's third Petition for Review,

14 and the mandate issued on November 18, 2005. *See Njenga v. Gonzales*, No. 03-74452 (9th Cir.

15 2005).

16    On January 12, 2007, ICE arrested petitioner at his home in Renton, Washington for

17 removal to Kenya.  (Dkt. #14 at PII-R228).   On February 15, 2007, petitioner filed his first

18 Petition for Writ of Habeas Corpus, challenging his detention by ICE.      *See Njenga v. U.S.*

19 *Immigration and Customs Enforcement* , Case No. C07-0134L (W.D. Wash. Sept. 7, 2007).

20 Because ICE had a valid Kenyan travel document, Petitioner was scheduled to board a plane for

21 Kenya on April 10, 2007.  (Dkt. #25, Ex. B).   On April 9, 2007, however, petitioner filed a

22 Motion for an Emergency Stay of Removal with this Court, *See Njenga v. U.S. Immigration and*

REPORT AND RECOMMENDATION
PAGE -5

01 *Customs Enforcement*, Case No. C07-0134L, Dkt. #18, and filed his fourth Petition for Review

02 and Emergency Motion for Stay of Removal with the Ninth Circuit. *See Njenga v. Gonzales*, No.

03 07-71330 (9th Cir. filed April 9, 2007).  Under Ninth Circuit General Order 6.4(c)(1), this caused

04 a temporary stay of removal to automatically issue, and ICE cancelled petitioner's flight to Kenya.

05       On April 16, 2007, this Court denied petitioner's motion for an emergency stay of removal

06 as moot because the Ninth Circuit had already issued a temporary stay of removal.  *See Njenga*

07 *v. U.S. Immigration and Customs Enforcement*, Case No. C07-0134L, Dkt. #19.  On June 12,

08 2007, the Ninth Circuit dismissed petitioner's Petition for Review for lack of jurisdiction, and the

09 mandate issued on July 5, 2007.  *See Njenga v. Gonzales*, No. 07-71330 (9th Cir. 2007).

10       On June 19, 2007, ICE conducted another Post-Order Review of petitioner's custody

11 status. (Dkt. #14 at PII-R509-521).  The Deportation Officer recommended that petitioner remain

12 detained, concluding that

> [petitioner] while in the United States has obtained an extensive criminal history to
> include a variety of repeat arrests and convictions, mostly for Fraud. . . . In light of
> this information and the fact that [ICE] has obtained the needed [travel document]
> from the Kenyan Embassy, writer recommends that [petitioner] remain in custody
> until such time that travel arrangements can be made once again for his removal.

16 (Dkt. #14 at PII-R510).  Two ICE Reviewing Officers and the ICE Field Office Director agreed

17 with the recommendation to continue petitioner's custody.  (Dkt. #14 at PII-R509-10).

18       On July 12, 2007, petitioner filed his fifth Petition for Review with the Ninth Circuit, but

19 voluntarily dismissed the Petition on July 31, 2007.  *See Njenga v. Gonzales,* No. 07-72770 (9th

20 Cir. filed July 12, 2007).  On August 15, 2007, petitioner filed his sixth Petition for Review with

21 the Ninth Circuit, and a motion for stay of removal.  *See Njenga v. Mukasey*, No. 07-73195 (9th

22 Cir. filed Aug. 15, 2007).  Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary

REPORT AND RECOMMENDATION
PAGE -6

01  stay of removal to automatically issue.  The Government has filed an opposition to petitioner's

02  motion for stay of removal.  The Ninth Circuit has not yet ruled on the motion for stay of removal,

03  and petitioner's sixth Petition for Review remains pending in the Ninth Circuit.  Petitioner filed

04  his seventh Petition for Review with the Ninth Circuit on August 21, 2007, which the Ninth

05  Circuit dismissed as duplicative.  *See Njenga v. Gonzales*, No. 07-73281 (9th Cir. filed Aug. 21,

06  2007).

07          On September 7, 2007, Chief Judge Robert S. Lasnik entered an order adopting the

08  Magistrate Judge's Report and Recommendation and dismissing petitioner's first habeas petition.

09  *See Njenga v. U.S. Immigration and Customs Enforcement*, Case No. C07-0134L, Dkt. #35

10  (W.D. Wash. 2007).

11          On October 9, 2007, petitioner filed the instant "Petition for Bail Hearing Pursuant to Kim

12  v. Zigler," challenging his prolonged detention.  (Dkt. #4).  Petitioner also filed a Petition for Writ

13  of Habeas Corpus in the United States District Court for the Northern District of California on

14  November 14, 2007, which was transferred to this Court and consolidated with the instant habeas

15  petition.  (Dkts. #16 and #21).  Respondent filed a Return Memorandum and Motion to Dismiss,

16  Dkt. #13, and petitioner filed a response, Dkt. #15.  In addition, petitioner also filed two

17  "motion[s] for release on ankle Bracelet in lieu of bond," Dkts. #17 and #18, and an "emergency

18  request for a bond herein," Dkt. #20, all of which seek release from detention; and another

19  response to respondent's motion to dismiss.  (Dkt. #25).

20          On January 18, 2008, petitioner filed his eighth Petition for Review with the Ninth Circuit,

21  challenging Chief Judge Lasnik's denial of his habeas petition.  *See Njenga v. U.S. Immigration*

22  *and Customs Enforcement*, No. 08-35054 (9th Cir. Jan. 18, 2008).  Petitioner's sixth and eighth

REPORT AND RECOMMENDATION
PAGE -7

01  Petition for Review remain pending in the Ninth Circuit.

02  III. <u>DISCUSSION</u>

03       Petitioner challenges his detention without bond, claiming that he should be given a bond

04  hearing before an Immigration Judge, or, in the alternative, that "the original bond of Five

05  thousands U.S. Dollars ($5,000) . . ." be reinstated.  (Dkt. #4 at 7).  Respondent argues that

06  petitioner's detention is lawful under INA § 241 because he is subject to a final order of removal

07  and no further bond review is authorized or required.  (Dkt. #13 at 7).

08       Section 236 of the INA provides the framework for the arrest, detention, and release of

09  aliens in removal proceedings.  Once removal proceedings have been completed, the detention and

10  release of aliens shifts to INA § 241.  The determination of when an alien becomes subject to

11  detention under Section 241 rather than Section 236 is governed by Section 241(a)(1).  Section

12  241(a)(1)(B) provides that:

13       The <u>removal period</u> begins on the <u>latest</u> of the following:

14       (i) The date the order of removal becomes administratively final.

15       (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the
16  removal of the alien, the date of the court's final order</u>.

     (iii) If the alien is detained or confined (except under an immigration process), the
17  date the alien is released from detention or confinement.

18  8 U.S.C. § 1231(a)(1)(B)(emphasis added).  Thus, pursuant to Section 241(a)(1)(B)(ii), where

19  a court issues a stay of removal pending its review of an administrative removal order, the alien

20  continues to be detained under Section 236 until the court renders its decision.  *See Ma v.*

21  *Ashcroft,* 257 F.3d 1095, 1104 n.12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed

22  pending judicial review, the ninety day period begins running after the reviewing court's final

REPORT AND RECOMMENDATION
PAGE -8

01  order."); *see also Tijani v. Willis,* 430 F.3d 1241, 1242 (9th Cir. 2005) (ordering a bail hearing

02  where the alien had been detained pending appeal for two years and eight months under INA §

03  236(c)); *Bromfield v. Mukasey*, Case No. 08-09-JLR-JPD (Dkt. #17, Part 1) (*Bromfield v.*

04  *Mukasey*, No. 07-72319, slip op. (9th Cir. Dec. 26, 2007) ("[T]his is a pre-removal case, given

05  that petitioner requested judicial review of the removal order . . . and this court granted a stay of

06  removal in that still pending petition for review. *See* 8 U.S.C. § 1231(a)(1)(B)(ii).")).  Here, the

07  Ninth Circuit has issued a stay of removal pending its review of petitioner's removal order, and

08  the petition for review remains pending.  "Because Petitioner's removal order has been stayed by

09  the Ninth Circuit pending its review of the BIA's decision, the 'removal period' has not yet

10  commenced, and Petitioner therefore is detained pursuant to INA § 236."  *Quezada-Bucio*, 317

11  F. Supp. 2d at 1224.

12      Section 236(a) of the INA grants the Attorney General discretion to determine whether

13  an alien should be detained, released on bond, or released on conditional parole upon a finding of

14  flight risk and danger to the community.  Section 236(a) provides as follows:

15      On a Warrant issued by the Attorney General, an alien may be arrested and detained
        pending a decision on whether the alien is to be removed from the United States,
16      Except as provided in subsection (c) of this section and pending such decision, the
        Attorney General –
17          (1) may continue to detain the arrested alien; and
            (2) may release the alien on –
18          (A) bond of at least $1,500 with security approved by, and containing conditions
            prescribed by, the Attorney General; or
19          (B) conditional parole . . .

20  8 U.S.C. § 1226(a).  Factors considered generally include: (1) the nature and number of

21  disciplinary infractions received while incarcerated or detained; (2) the nature and severity of the

22  alien's convictions, sentences imposed, parole history, recidivism, and other criminal history; (3)

REPORT AND RECOMMENDATION
PAGE -9

01  psychiatric and psychological reports; (4) evidence of rehabilitation; (5) ties to the United States;

02  (6) prior immigration violations; (7) flight risk, including history of escapes and failures to appear;

03  (8) other information that is probative of whether the alien is likely to endanger the community or

04  violate his or her release conditions.  *See* 8 C.F.R. § 241.4(f).

05      Petitioner appears to argue that he is being unlawfully subjected to mandatory detention

06  under INA § 236(c), 8 U.S.C. § 1226(c).  (Dkt. #4 at 6; Dkt. #16, Pt. 1 at 8).  INA § 236(c)

07  directs the Government to detain any alien who has committed criminal offenses that fall within

08  its reach. *See* INA § 236(c)(1)(A), 8 U.S.C. § 1226(c)(1)(A).  Here, however, the administrative

09  record indicates that petitioner is not being held under § 236(c), but has received meaningful

10  consideration for release.

11      On March 28, 1994, following his first arrest, the Attorney General set bond in the amount

12  of $20,000, which was appealed and upheld by the IJ and the BIA.  (Dkt. #14 at PI-L193-94).

13  On January 26, 1998, petitioner was released on $5,000 bond after his removal proceedings were

14  rescheduled.  (Dkt. #14 at PII at R717).  On November 20, 1997, after petitioner was arrested

15  again, the IJ set bond in the amount of $50,000, which petitioner posted by using a bad check.

16  (Dkt. #14 at PI-R234).  Despite having fraudulently posted bond and having failed to appear for

17  his removal proceedings, ICE released petitioner under an Order of Supervision and a $10,000

18  bond on May 27, 2004, while his third Petition for Review was pending in the Ninth Circuit.  (Dkt.

19  #14 at PII-R528, R649, R652).  Finally, on January 12, 2007, petitioner was arrested for removal

20  to Kenya, however, petitioner filed his fourth Petition for Review and Emergency Motion for Stay

21  of Removal with the Ninth Circuit, preventing his removal.  In light of petitioner's extensive

22  criminal history and because ICE had a valid Kenyan travel document, ICE determined that

REPORT AND RECOMMENDATION
PAGE -10

01  petitioner should remain detained pending the outcome of his Petition for Review.  It appears that

02  ICE properly considered whether petitioner was a flight risk or a danger to society, as well as the

03  relevant factors.  Accordingly, petitioner has been afforded due process.

04       Petitioner further argues that his detention is unlawfully lengthy under *Zadvydas v. Davis*,

05  533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and *Tijani v. Willis*, 430 F.3d 1241 (9th

06  Cir. 2005), and that he must be released because there is no significant likelihood that he will be

07  removed in the reasonably foreseeable future.

08       In *Zadvydas*, the Supreme Court considered whether INA § 241(a)(6) authorizes the

09  government "to detain a removable alien *indefinitely* beyond the removal period or only for a

10  period *reasonably necessary* to secure the alien's removal."  *Zadvydas,* 533 U.S. at 682.  The

11  petitioners in *Zadvydas* could not be removed because no country would accept them.  Thus,

12  removal was "no longer practically attainable," and the  period of detention at issue was

13  "indefinite" and "potentially permanent."  *Id.* at 690-91.  The Supreme Court held that INA §

14  241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does

15  not permit "indefinite detention."  *Id.* at 689-697.  The Court explained that "once removal is no

16  longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

17       The Supreme Court further held that detention remains presumptively valid for a period

18  of six months.  *Id.* at 701.  After this six-month period, an alien is eligible for conditional release

19  upon demonstrating "good reason to believe that there is no significant likelihood of removal in

20  the reasonably foreseeable future."  *Id.* at 701.  The burden then shifts to the Government to

21  respond with sufficient evidence to rebut that showing.  *Id.* at 701.

22       As noted, *Zadvydas* addressed the length of time beyond the removal period that an alien

REPORT AND RECOMMENDATION
PAGE -11

01 may be held in detention. Here, however, petitioner is being detained pursuant to a different

02 statute, INA § 236(a), because his removal order is not yet final. *See* INA § 241(a)(1)(B) ("The

03 removal period begins on the latest of the following: . . . (i) The date the order of removal

04 becomes administratively final."). Accordingly, petitioner does not face indefinite detention, and

05 the holding of *Zadvydas*, with respect to the length of time an alien may be held in detention, does

06 not apply to petitioner's case at this time. *See Demore v. Kim*, 538 U.S. 510, 527-28, 123 S. Ct.

07 1708, 155 L. Ed. 2d 724 (2003).

08       The reasons for petitioner's detention in this case also differ significantly from those in

09 *Tijani*. In *Tijani*, the petitioner, detained pursuant to INA § 236(c), sought by habeas proceedings

10 to compel a bond hearing. *Tijani*, 430 F.3d at 1242. At the time of the Ninth Circuit's decision,

11 Tijani had been detained for two years and eight months pending removal proceedings. *Tijani*,

12 430 F.3d at 1246 (Tashima, J., concurring) (noting that Tijani's detention during his administrative

13 proceedings lasted twenty months, with one year of continued detention during judicial appeal).

14       In a brief (three paragraph) opinion, the Ninth Circuit stated that "it is constitutionally

15 doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident

16 aliens who are subject to removal." *Tijani*, 430 F.3d at 1242. Nevertheless, to avoid deciding the

17 constitutional issue, the court construed § 236(c) as applying only in "expedited" removal

18 proceedings. *Id.* The Ninth Circuit concluded that "[t]wo years and eight months of process is

19 not expeditious," and ordered an Immigration Judge to release the petitioner "unless the

20 government establishes that he is a flight risk or will be a danger to the community." *Id.*

21       Here, however, unlike *Tijani* whose twenty month administrative process was clearly

22 unreasonable, petitioner was not detained during his administrative proceedings. Rather, ICE did

REPORT AND RECOMMENDATION
PAGE -12

01  not detain petitioner until  January 12, 2007, in order to execute his final order of removal after

02  his Petition for Review had been dismissed by the Ninth Circuit.  The duration of petitioner's

03  detention has been during the normal temporal period associated with judicial review, and there

04  is nothing to suggest that the Government has caused any unreasonable delay.  Rather, petitioner's

05  multiple Petitions for Review, many of which are duplicative of one another, have resulted in

06  prolonging his detention.  Petitioner cannot convincingly argue that his detention is indefinite

07  where petitioner himself has prevented his removal.  Accordingly, petitioner's habeas petition

08  should be denied as his current detention is lawful and authorized by statute.

09                                                    IV.  <u>CONCLUSION</u>

10          For the foregoing reasons, I recommend that petitioner's habeas petition, Dkt. #4, motions

11  for release on ankle bracelet in lieu of bond, Dkts. #17 and #18, and emergency request for bond,

12  Dkt. #20, be DENIED, that respondent's motion to dismiss be GRANTED, and that this action

13  be dismissed with prejudice.  A proposed Order accompanies this Report and Recommendation.

14          DATED this <u>12th</u> day of February, 2008.

15

16                                                    _____
                                                      Mary Alice Theiler
17                                                    United States Magistrate Judge

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -13